**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**BRIDGETTE MORGAN** **PLAINTIFF**

**V.** **CIVIL ACTION NO.:** 3:18-cv-389-HTW-LRA

**HINDS COUNTY, MISSISSIPPI; AND**
**MICHELE PURVIS HARRIS, INDIVIDUALLY** **DEFENDANTS**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** the Plaintiff, Bridgette Morgan, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of her rights, against Defendants, Hinds County, Mississippi, and Michele Purvis Harris, Individually. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**PARTIES**

1. Plaintiff, Bridgette Morgan, is an adult female resident of Hinds County, Mississippi.

2. Defendant, Hinds County, Mississippi, may be served with process by serving the President of the Hinds County Board of Supervisors, Darrel McQuirter, 316 South President Street, Jackson, Mississippi 39205

3. Defendant, Michele Purvis Harris, Individually, may be served with process at her place of employment: Office of the Public Defender, 499 South President Street, Jackson, Mississippi 39201.

**JURISDICTION AND VENUE**

4. This Court has federal question jurisdiction and venue is proper in this Court.

## STATEMENT OF THE FACTS

5. Plaintiff began working for the Hinds County Public Defenders Office on October 14, 2015. Plaintiff was more than qualified for the position.

6. Plaintiff was receiving an annual salary of approximately $60,000 at the time of her termination.

7. On Friday, May 11, 2018, Plaintiff's supervisor Michele Purvis Harris called Plaintiff into a meeting. Defendant Harris serves as the Public Defender for Hinds County, Mississippi, and has the authority to hire and fire employees under her supervision.

8. Defendant Harris immediately handed Plaintiff a notice of termination explaining that she was being terminated effective immediately.

9. Plaintiff asked Ms. Harris to provide an explanation as to why she was being terminated, and Ms. Harris' reply was, "Well because you serve at the will and pleasure of the Public Defender. So I really don't have to give you a reason." Defendant Harris then claimed that Plaintiff was self-centered, selfish, deceitful and disrespectful.

10. After being rebuffed with no explanation and then a vague explanation, Plaintiff decided to directly ask Michele Harris if the reason for her termination was due to the fact that Plaintiff had decided to run for the position of Hinds County Court Judge.

11. Ms. Harris' reply was, "I would say that is the straw that broke the camel's back."[1]

12. Ms. Harris directly admitted that Plaintiff's decision to run for the position of Hinds County Court Judge was the motivating factor in Plaintiff's termination.

13. Ironically, May 11, 2018, was also the date on which Plaintiff was notified

---

[1] https://1drv.ms/u/s!AiuFpjKr5AY5kqB7xnzP7U5ZrO9QNA

that she was officially qualified to run against Judge Melvin Priester in the upcoming election.

14. Plaintiff engaged in protected activity protected by the First Amendment by filing to run for public office.

15. Ms. Harris tortiously interfered with Plaintiff's employment with the Public Defender's Office by terminating Plaintiff after Ms. Harris was informed that Plaintiff filed and had been qualified as a candidate to run for public office.

16. Defendants unlawfully terminated Plaintiff because she engaged in the protected activity of running for public office, which is a direct violation of her First Amendment rights.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF FIRST AMENDMENT - DEFENDANTS HINDS COUNTY, MISSISSIPPI and MICHELE PURVIS HARRIS INDIVIDUALLY

17. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 16 above as if fully incorporated herein.

18. Plaintiff was terminated because she engaged in the protected activity of running for public office, which is a direct violation of Plaintiff's First Amendment rights.

19. The acts of the Defendant Hinds County and Defendant Harris individually constitute an intentional violation of the First Amendment through 42 U.S.C. §1983 and entitle Plaintiff to recovery of damages.

### COUNT II: TORTIOUS INTERFERNCE WITH BUSINESS AND/OR EMPLOYMENT RELATIONS - DEFENDANT MICHELE PURVIS HARRIS

20. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 19 above as if fully incorporated herein.

21. Defendant, Michele Purvis Harris, tortiously interfered with Plaintiff's employment relationship with Hinds County, Mississippi. Plaintiff has suffered damages as a

result of Defendant Harris' actions. As such, Plaintiff is seeking an award of compensatory damages in an amount to be determined by the jury to fully compensate her for Defendant's actions in tortiously interfering with her employment. In addition, the Defendant Harris' actions were done maliciously with the intent to cause Plaintiff injury. As such, Plaintiff is entitled to an award of punitive damages against Defendant Harris in amount to be determined by the jury.

**PRAYER FOR RELIEF**

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back pay, reinstatement or front pay in lieu of reinstatement;
2. Compensatory damages;
3. Punitive damages;
4. Attorney's fees;
5. Costs and expenses; and
6. Any other relief to which she may be properly entitled.

THIS the 14th day of June 2018.

Respectfully Submitted,

BRIDGETTE MORGAN, PLAINTIFF

By: __________________________

Louis H. Watson, Jr. (MB# 9053)
Nick Norris (MB#101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216-4972
Telephone: (601) 968-0000

Facsimile: (601) 968-0010
Email: louis@watsonnorris.com